# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MORSE, | CASE NO. 1:11-CV-00567-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH |
| v. | LEAVE TO AMEND |
| MATT DOELING, et al., | (DOC. 1) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |
| _____/ | |

## Screening Order

### I.    Background

Plaintiff Michael Morse ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on April 1, 2011 in the Sacramento Division of the Eastern District of California.  Plaintiff case was transferred on April 6, 2011 to the Fresno Division.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

1  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

2  1915(e)(2)(B)(ii).

3       A complaint must contain "a short and plain statement of the claim showing that the

4  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

7  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

8  matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*,

9  550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

10  **II.**     **Summary Of Complaint**

11       Plaintiff is incarcerated at North Kern State Prison ("NKSP") in Delano, California,

12  where the events giving rise to this action occurred.  Plaintiff names as Defendants: NKSP

13  warden, and correctional officers Matt Doeling, R. Brown, K. Baker, W. Rivera, and Cunninham.

14       Plaintiff alleges the following.  On August 28, 2010, Plaintiff exited his cell to inform

15  Defendant Doeling of his complaint regarding a hazardous and unconstitutional environment.

16  Compl. 3.  Plaintiff requested to speak with the senior officer lieutenant.  This request was

17  denied.  *Id.*  Plaintiff then stated that he would not participate in the "implementation plan-mix

18  nuisance" which interfered with Plaintiff's rights.  *Id.*  Plaintiff was threatened with pepper spray

19  and struck while pouring milk on his face in the back of his head.  Plaintiff defended himself by

20  attempting to subdue Defendant Doeling.  *Id.*  After Plaintiff was freed from Defendant

21  Doeling's assault, responding officers handcuffed Plaintiff.  *Id.* at 3-4.  Plaintiff was then

22  blindfolded and continuously slammed and kicked cause swelling and problems walking.  *Id.* at

23  4.  Plaintiff was hospitalized at San Joaquin.  Plaintiff contends retaliation and excessive force.

24  Plaintiff requests as relief compensatory and punitive damages.

25  **III.**     **Analysis**

26      **A.**     **Linkage**

27       To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

28  color of state law and (2) the defendant deprived him of rights secured by the Constitution or

1  federal law. *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). Here, Plaintiff fails to

2  link Defendants NKSP warden, Borwn, Baker, Rivera, Cunninham to any acts that would

3  demonstrate a constitutional violation. Plaintiff thus fails to state a claim against them.

4    **B.** <u>**First Amendment Retaliation**</u>

5    Allegations of retaliation against a prisoner's First Amendment rights to speech or to

6  petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th

7  Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v.*

8  *Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First

9  Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some

10  adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

11  such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

12  not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-

13  68 (9th Cir. 2005).

14    Plaintiff fails to state a claim against Defendant Doeling for retaliation. Plaintiff has not

15  alleged facts which demonstrate what First Amendment conduct Plaintiff was engaged in, what

16  adverse action was taken, and whether an alleged adverse action was because of Plaintiff's

17  protected First Amendment conduct.

18    **B.** <u>**Eighth Amendment**</u>

19    "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

20  Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson*

21  *v. McMillian*, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is

22  . . . contextual and responsive to contemporary standards of decency." *Id.* (internal quotation

23  marks and citations omitted). The malicious and sadistic use of force to cause harm always

24  violates contemporary standards of decency, regardless of whether or not significant injury is

25  evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth

26  Amendment excessive force standard examines *de minimis* uses of force, not *de minimis*

27  injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause

28  of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual

punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotations marks and citations omitted).

Plaintiff fails to state a claim against Defendant Doeling for excessive force in violation of the Eighth Amendment.  Plaintiff's allegations are not clear as to what force was used by Defendant Doeling against Plaintiff, and whether such force was excessive.  Plaintiff fails to state a claim regarding the alleged beating he suffered after being handcuffed.  Plaintiff fails to link any Defendants to such conduct.

### C.    Supervisory Liability

The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* at 1949.  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the prison official defendant either personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff names the NKSP warden as a Defendant, but fails to demonstrate how the supervisory official violated Plaintiff's constitutional rights.  If Plaintiff is alleging liability on the basis of the warden's role as a supervisor, that is at most respondeat superior liability, which is not sufficient to state a § 1983 claim. *Iqbal*, 129 S. Ct. at 1949.

### D.    State Law Claims

Plaintiff contends assault and battery and malpractice.  It is unclear if Plaintiff is alleging state law claims.  Even assuming state law claims were plead, the Court declines supplemental jurisdiction as there is no federal claim before the Court.  28 U.S.C. § 1367(c)(3).

1  **IV.    Conclusion And Order**

2          Plaintiff fails to state any cognizable claims against any Defendants.  The Court will

3  provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies

4  identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

5  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

6  complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

7          If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.

8  P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

9  constitutional or other federal rights.  *Iqbal*, 129 S. Ct. at 1949.   Although accepted as true, the

10 "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

11 ."  *Twombly*, 550 U.S. at 555.

12         Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

13 *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

14 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded

15 pleading,"  L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

16 complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567

17 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,

18 114 F.3d at 1474.

19         Accordingly, based on the foregoing, it is HEREBY ORDERED that:

20     1.      The Clerk's Office shall send Plaintiff a complaint form;

21     2.      Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an

22             amended complaint within **thirty (30) days** from the date of service of this order;

23             and

24     3.      If Plaintiff fails to comply with this order, the Court will dismiss this action for

25             failure to obey a court order and failure to state a claim.

26     IT IS SO ORDERED.

27     Dated:   **March 5, 2012**                    _____**/s/ Dennis L. Beck**_____
                                                     UNITED STATES MAGISTRATE JUDGE

28

5