# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MORSE, | CASE NO. 1:11-cv-00567-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO STATE A CLAIM |
| v. | |
| MATT DOELING, et al., | (DOC. 16) |
| Defendants. | |

Plaintiff Michael Morse ("Plaintiff") is a California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On March 5, 2012, the Court dismissed Plaintiff's complaint for failure to state a claim with leave to amend, and ordered Plaintiff to file an amended complaint within thirty days. No amended complaint was filed. On April 23, 2012, Plaintiff was ordered to show cause within eighteen days why this action should not be dismissed for failure to obey a court order and failure to state a claim. Doc. 16. As of the date of this order, Plaintiff has not responded or otherwise complied.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*,

1

1  *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with
2  local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
3  comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-
4  41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to
5  keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)
6  (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424
7  (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local
8  rules).

9        In determining whether to dismiss an action for lack of prosecution, failure to obey a
10 court order, or failure to comply with local rules, the court must consider several factors: (1) the
11 public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
12 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
13 their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831;
14 *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;
15 *Ghazali*, 46 F.3d at 53.

16       In the instant case, the court finds that the public's interest in expeditiously resolving this
17 litigation and the court's interest in managing the docket weigh in favor of dismissal.  On April
18 23, 2012, Plaintiff was ordered to file an amended complaint, but failed to do so.  The third
19 factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
20 injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air
21 West,* 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition
22 of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed
23 herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in
24 dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
25 *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order expressly stated:
26 "Failure to timely respond or to show cause will result in dismissal of this action for failure to
27 obey a court order and failure to state a claim."  Thus, Plaintiff had adequate warning that
28 dismissal would result from his noncompliance with the Court's order.

1 | Accordingly, it is HEREBY ORDERED that

2 | 1. This action is DISMISSED for failure to obey the Court's April 23, 2012 Order
3 | and for failure to state a claim;
4 | 2. This dismissal is subject to the three strikes provision of 28 U.S.C. § 1915(g).
5 | *Silva v. Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011); and
6 | 3. The Clerk of the Court is directed to close this action.
7 | IT IS SO ORDERED.

8 | Dated: **June 8, 2012**          /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE